IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sandra P. Tobin, | ) | 1:06-492-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| Samuel W. Bodman, Secretary of | ) | **REPORT AND RECOMMENDATION** |
| the United States Department of | ) | |
| Energy, Larry Snyder, individually | ) | |
| and Wackenhut Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

This action was originally filed by the Plaintiff in the United States District Court for the Southern District of Georgia, but was subsequently transferred to the District of South Carolina. On April 3, 2006, Plaintiff was granted leave to file an amended Complaint, and an amended Complaint was filed that day (Court Document No. 24). Plaintiff asserts causes of action under 42 U.S.C. §§ 1983, 1985 and 1988; Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et. seq. under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971); as well as a "personal injury" claim under South Carolina law.

The Defendant Wackenhut Services, Inc., filed a motion to dismiss or in the alternative to make more definite and certain on April 11, 2006. Plaintiff thereafter filed a memorandum in opposition to Wackenhut's motion on April 26, 2006. The federal Defendants then filed a motion to dismiss and/or for summary judgment on May 10, 2006, to which Plaintiff filed a memorandum in opposition on May 23, 2006. Wackenhut submitted an affidavit from Patrick Sullivan (amended) on August 11, 2006 relating to its motion to dismiss, following which Plaintiff

1



filed a supplement to her memorandum in opposition to Wackenhut's motion on September 6, 2006. These motions are now before the Court for disposition.[1]

**<u>Discussion</u>**

Plaintiff is employed by the United States Department of Energy (DOE) at the Savannah River Operations Office. From the allegations of her Complaint, it appears that Larry Snyder was her supervisor during the time period relevant to her claims. Plaintiff alleges that the Defendant Snyder refused to accommodate her physical disability of severe "dexlexia" and attention deficit disorder, harassed her after she engaged in protected activity (complaining about treatment by a Caucasian co-worker)[2], and that she was subjected to a hostile work environment. Plaintiff further alleges that the Defendant Wackenhut attempted to arrest her without justification and without provocation in an attempt to deprive her of her constitutional rights, which actions were taken at the request of Snyder, and that sometime between June and October 2004 Snyder and/or other agency officials caused a warrant to be issued for her arrest. Plaintiff alleges that this conduct resulted in physical injuries to her, and that she was required to seek medical treatment. Plaintiff seeks monetary damages.

As part of the transfer of this action to the District of South Carolina, United States District Judge Dudley Bowen ordered (in an order consented to by all parties) that Plaintiff's claims under § 1983, 1985 and 1988 (Counts I, II and III of Plaintiff's First Amended Complaint) were

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendants have filed motions to dismiss or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

[2]The Complaint does not identify Plaintiff's race.

2



addressed only to the Defendant Wackenhut, while the remaining counts of the First Amended Complaint (Counts IV and V) were only addressed to the Defendant Bodman. The Court further provided that Plaintiff could, within thirty (30) days of the case being docketed in the District of South Carolina, seek leave to attempt to allege a claim under Bivens against Snyder.

In her Second Amended Complaint, Plaintiff has now asserted seven (7) total claims (as opposed to five (5) in her original Complaint), with the first five counts being essentially mirror images of Plaintiff's First Amended Complaint. Plaintiff's new Count VI is denoted as being a "Bivens claim", while Count VII is denoted as being a "state law tort claim".

**I.**

Pursuant to the consent order filed in the Southern District of Georgia, only Counts I, II and III of Plaintiff's Second Amended Complaint are addressed to the Defendant Wackenhut. Wackenhut argues in its motion to dismiss that the only claims against it as set forth in the Complaint arise out of her arrest on or about October 25, 2004 pursuant to a warrant that had been issued sometime between June and October 25, 2004, and also that the Defendant Wackenhut had attempted to arrest the Plaintiff without justification and provocation on or about June 23, 2004 and again on October 21, 2004. See, Second Amended Complaint, at ¶¶ 20-25. However, Wackenhut argues, inter alia, that Plaintiff pled guilty to the criminal charges related to the allegations of her Complaint; that her conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or brought into question by the issuance of a writ of habeas corpus; and that her claims against this Defendant under §§ 1983, 1985 and 1988 are therefore subject to dismissal under Heck v. Humphrey, 512 U.S. 477 (1994). See Attachment A to Wackenhut Motion; Sullivan Affidavit; see also Papasan v. Allain, 478 U.S.



265, 269, n. 1 (1986) [Court can take note of items of public record when considering dismissal under 12(b)(6)]; General Electric Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-1081 (7th Cir. 1997). Heck, in pertinent part, held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must first prove that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. Heck, 512 U.S. at 486-487.

Plaintiff argues that her claim against Wackenhut is not barred by the Supreme Court's holding in Heck, because she did not plead guilty to the crime of driving under suspension, but rather pleaded no contest to this charge. Plaintiff also argues that she claims that Wackenhut illegally seized her vehicle and that she was arrested in such a way as to violate her right to be free from "unreasonable seizures," and that these claims can be pursued without calling into question the outcome of her criminal case.  However, based on the evidence and exhibits before the Court, Plaintiff's claim that she was arrested without justification or probable cause would certainly be barred by Heck, since she was convicted on the charge at issue. see See Roesch v. Otarola, 980 F.2d 850, 853-854 (2d Cir. 1992) [holding that requirement that § 1983 plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution]; Gibbs v. S.C. Department of Probation, Parole and Pardon Services, No. 97-7741, 1999 WL 9941 (4th Cir. 1999); see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ["There is no question that Heck bars [Plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him. [Plaintiff] may challenge the validity of his arrest,

4



prosecution and conviction only by writ of habeas corpus."].  Plaintiff's contention that she pled no contest to the charge does not help her, as a conviction pursuant to a no contest plea is a conviction subject to the constraints of Heck.  *Cf.* Kibler v. State, 227 S.E. 2d 199 (S.C. 1976) [plea of nolo contendere reviewed under same standards as guilty plea]; State v. Munsch, 338 S.E.2d 329 (1985) [same]; North Carolina v. Alford, 400 U.S. 25, 37 (1970); *cf.* Hopper v. Easley, No. 98-7792, 1999 WL 270371 (4th Cir. May 4, 1999); Dyer v. Lee, No. 05-237, 2006 WL 2092264 at *3 (M.D. Fla. July 26, 2006) ["As a preliminary matter, it is clear that the Heck v. Humphrey principles apply even though (Plaintiff's) plea was nolo contendere with adjudication withheld."].  Nor does the fact that Plaintiff is not currently a "prisoner" preclude the application of Heck to her claim. *Cf.* Drayer v. Deleware, 173 Fed.Appx. 997, 998-999 (3rd Cir. 2006).

      Plaintiff correctly notes that a claim that does not call into question the validity of a conviction is not barred by Heck, even if the claim arises out of the Plaintiff's arrest on the charge which resulted in the conviction. Therefore, to the extent that Plaintiff has raised an "excessive force" claim against Wackenhut; see Complaint, ¶ 31; this claim would not necessarily be barred by Heck. Thore v. Howe, 466 F.3d 173-179-180 (1st Cir. 2006) [§ 1983 excessive force claim brought against a police officer not barred by Heck as a matter of law]. Plaintiff's claim that Wackenhut illegally "seized" her vehicle on, apparently, two occasions, would also not appear to be barred by Heck, as the undersigned cannot find based on the mere allegations of the Complaint and the arguments and other evidence submitted to the Court that this claim would call into question Plaintiff's conviction on the driving under suspension charge.[3]  These claims are also separate and

---

[3]At one point in her Complaint, Plaintiff seems to allege that the automobile allegedly seized actually belonged to someone else. Complaint, at ¶ 20. If so, it is doubtful Plaintiff's claim, at least
(continued...)



distinct from Plaintiff's Title VII employment discrimination claims brought against her employer. *Cf.* Scott v. Potter, No. 03-669, 2005 WL 1490976, at n. 5 (S.D.Ohio June 23, 2005) [Bivens allows for a claim for damages based directly on the Fourth Amendment in a non-employment context]. Therefore, Wackenhut is not entitled to dismissal of Plaintiff's automobile "seizure" claims or "excessive force" claim at this time.[4]  Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890

---

[3](...continued)
with respect to that seizure, could survive summary judgment. *Cf.* Vanderwall v. City of Virginia Beach, 137 Fed.Appx. 592 at n. * (4th Cir. June 30, 2005) ["Even if (Plaintiff's) claims were not barred by Heck v. Humphrey,...(Plaintiff) claims that the allegedly improperly seized internet communications were not his, therefore he has no right to challenge the seizure."], cert. denied, 126 S.Ct. 1472 (2006).

[4]There are other theories which could be advanced for Wackenhut's dismissal as a party Defendant, but which are not presently before the Court. For example, Wackenhut has not shown, or even argued, that it was not a "public" entity during the incidents in question, or that it is otherwise not a proper party Defendant for this type of claim. However, since claims under §§ 1983, 1985 and 1988 are based on "state" action; see Gomez v. Toledo, 446 U.S. 635, 640 (1980) [in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must show that 1) the defendant deprived him or her of a federal right, and 2) did so under color of state law]; Plaintiff would need to show that this Defendant was acting under some type of state or local contract in order to pursue this claim. *Cf.* Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994), applying West v. Atkins, 487 U.S. 52 (1988). See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Willmington Parking Authority, 365 U.S. 715, 721 (1961) [purely private conduct, no matter how wrongful, injurious, or discriminatory, is not actionable under 42 U.S.C. § 1983]; America, Local 610, AFL-CIO v. Scott, 463 U.S. 825, 831-832 (1983) [§ 1985 case]; Eisentein v. Whitman, 4 Fed.Appx. 24, 25 (2d Cir. Feb. 14, 2001) [Claims failed under §§ 1983, 1985, and 1988 where Defendant was not a state actor].

If Wackenhut was acting under a *federal* contract, it is possible that a Bivens claim could be brought against this Defendant. Wright v. Park, 5 F.3d 586, 589, n. 4 (1st Cir. 1993) [Bivens established a right of victims of a constitutional violation perpetrated by a federal actor to sue the offender in federal court]. However, Plaintiff has not asserted a Bivens claim against Wackenhut, and an attempt by the Plaintiff to do so now would seem to violate the stipulation previously entered into by the parties. See also, Section III, infra. Further, it is unclear whether Wackenhut itself, even if operating under a federal contract, would be the proper party Defendant for a Bivens claim. See Jama v. U.S.I.N.S., 343 F.Supp.2d 338, 362 (D.N.J. Nov. 10, 2004) [finding employees of a corporation performing governmental functions pursuant to a contract with the INS under which the INS monitored the performance of the corporation and its employees to be federal actors.]; *cf.* Servs.
(continued...)



(D.Del. 1991) [When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved."] (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)).

**II.**

With respect to the federal Defendants (Bodman and Snyder), these Defendants seek dismissal as Defendants under Plaintiff's Title VII claims on the grounds that they can not be individually sued for employment discrimination under that statute. These Defendants are correct that they may not be sued individually under that statute, and therefore to the extent Plaintiff has attempted to do so, they are subject to dismissal as party Defendants. Lissau v. Southern Food Service, 159 F.3d 177 (4th Cir. 1998); Scott v. Potter, No. 03-669, 2005 WL 1490976 at *8 (S.D. Ohio June 23, 2005).[5] The United States Department of Energy, however, is subject to suit under Plaintiff's Title VII claims. *Cf.* Amirokri v. Abraham, 217 F.Supp.2d 88 (D.D.C. 2002).

With respect to Plaintiff's attempt to assert a separate Bivens claim against the Defendant Snyder (Count VII), this Defendant argues that any such claims are preempted by Title VII, and the undersigned agrees. Bush v. Lucas, 462 U.S. 367, 388-390 (1983); Johnson v. Runyon,

---

[4](...continued)
Corp. v. Malesko, 534 U.S. 61, 63 (2001)  [holding that Bivens should not be extended to allow recovery against a private corporation under contract with the Bureau of Prisons]. These arguments and issues have not been presented or argued at this time, however, and the undersigned has therefore made no findings or recommendations with respect to these potential issues. The Defendant may, of course, pursue these defenses at summary judgment if appropriate.

[5]Pursuant to the previous stipulation of the parties, it does not appear that Plaintiff is attempting to assert any claims under Title VII against the Defendant Snyder.

7




91 F.3d 131 (4th Cir. 1996). See Pueschell v. U.S., 369 F.3d 345, 352-353 (4th Cir. 2004) [Title VII established exclusive and preemptive scheme under which federal employees could seek redress for employment discrimination]; Woodard v. Lehman, 717 F.2d 909, 912, n.3 (4th Cir. 1983) ["The exclusive statutory remedy for discrimination against federal employees is under § 717(c), § 2000e-16, 42 U.S.C., compliance with which is obligatory on a complainant"]; Campbell v. Potter, No. 04-989, 2006 WL 839084, *5 (W.D.N.C. Mar. 28, 2006) ["Title VII is the exclusive judicial remedy for claims of discrimination in federal employment, and Plaintiff's claims pursuant to 42 U.S.C. § 1981 will also be dismissed."]; Middlebrooks v. Thompson, 379 F.Supp.2d 774, 777 ["Finally, it is clear that Title VII represents the exclusive remedy for federal sector employees who wish to pursue claims of intentional discrimination in employment. A party may not maintain as an alternative a suit pursuant to 42 U.S.C. § 1981"]; Bledsoe v. Potter, No. 05-3999, 2006 WL 2883041, at *4 (7th Cir. Oct. 6, 2006) [analyzing claim that employer had employee arrested under Title VII]. Therefore, Plaintiff's Bivens claim against the Defendant Snyder is subject to dismissal.

**III.**

Finally, Plaintiff has added a new state law claim (Count VII) in her Second Amended Complaint. All of the Defendants correctly point out in their motions that, pursuant to the previous stipulation of the parties and the order of Judge Bowen, Plaintiff was to be allowed to amend her Complaint to assert a Bivens claim against Snyder, with the remaining causes of action to remain the same. That order further stated that "[a]ny amendment by Plaintiff shall not contradict the stipulations contained in this consent agreement." Defendants assert, therefore, that Plaintiff is barred from asserting a new state law claim in her Second Amended Complaint pursuant to the

8



previous stipulation of the parties, and the undersigned is constrained to agree. Therefore, Plaintiff's Count VII asserting a state law cause of action should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Defendant Wackenhut's motion to dismiss be **granted** to the extent Plaintiff is asserting a claim regarding her arrest by employees of Wackenhut. To the extent Plaintiff has asserted a claim against Wackenhut for an allegedly illegal seizure of her vehicle, however, or for the use of excessive force during her arrest, Wackenhut's motion should be **denied** at this time.

With respect to the federal Defendants, the Defendants Bodman and Snyder (to the degree alleged) should be **dismissed** as Defendants under Plaintiff's Title VII claims. Defendant Snyder is also entitled to dismissal under Plaintiff's Bivens claim, and Count VI of Plaintiff's Second Amended Complaint should therefore be **dismissed.** Plaintiff's Title VII claim may continue against the Department of Energy.

Finally, it is recommended that Count VII of the Complaint asserting a state law cause of action be **dismissed**, as being violative of the previous stipulation of the parties and the order of Judge Bowen.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

December 19, 2006

9

