IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sandra P. Tobin, | ) | C/A No.: 1:06-492-RBH |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Samuel W. Bodman, Secretary of | ) | |
| the United States Department of | ) | |
| Energy, Larry Snyder, individually | ) | |
| and Wackenhut Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the court are [25] Motion to Dismiss or to Make More Definite and Certain by defendant, Wackenhut Services, and [28] Motion to Dismiss Federal Defendants or for Summary Judgment by the federal defendants.

The complaint in this case was filed by the plaintiff proceeding *pro se* on August 22, 2005 in the United States District Court for the Southern District of Georgia, alleging the following causes of action: (1) violation of Fourth, Fifth, Sixth, and Fourteenth Amendment rights under 42 U.S.C. § 1983; (2) conspiracy to deprive the plaintiff of her constitutional rights under 42 U.S.C. § 1985; (3) conspiracy to deprive the plaintiff of her constitutional rights under 42 U.S.C. § 1988; (4) violation of Title VII; and (5) retaliation under Title VII and the Civil Rights Act of 1964. The plaintiff subsequently filed a First Amended Complaint in the Southern District of Georgia through an attorney alleging the same causes of action.

The action is based upon various allegations arising from the plaintiff's employment with the Department of Energy including hostile work environment. Plaintiff further alleges that law

enforcement personnel acting on behalf of defendant Wackenhut "seized the vehicle being driven by a co-worker of the Plaintiff illegally and without probable cause, attempting to arrest Plaintiff without justification and without provocation." (Paragraph 20) Paragraph 22 alleges that law enforcement personnel acting on behalf of Wackenhut seized the vehicle being driven by the plaintiff and attempted to arrest the plaintiff. Plaintiff contends that the actions by Wackenhut were taken at the request of defendant Snyder who was her supervisor at the Department of Energy. Plaintiff also states that Snyder caused law enforcement personnel with Wackenhut to illegally arrest her in the workplace.

By Consent Order entered in the Southern District of Georgia, the case was transferred to this Court. In the Consent Order, it was stipulated that counts 1-3 of the complaint involved only defendant Wackenhut and that counts 4-5 only involved Bodman in his capacity as Secretary of Energy. The parties agreed to allow the plaintiff to file a motion to amend her complaint to allege a claim under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971) against Snyder. After the action was transferred to this Court, the motion to amend was granted by Magistrate Judge Marchant, who noted that any objections by the defendants to the motion could be dealt with on a motion to dismiss. The plaintiff filed a Second Amended Complaint on April 3, 2006, alleging the same causes of action 1-5 but adding count 6, a *Bivens* claim against defendant Snyder and count 7, a state law tort claim against defendants Wackenhut and Snyder.

Defendant Wackenhut filed a motion to dismiss on April 11, 2006 on the basis that the plaintiff's exclusive remedy for an employment discrimination action lies under Title VII and that under *Heck v. Humphrey*, the plaintiff pleaded guilty[1] to the criminal charges to which she was charged and

---

[1] According to [39] Affidavit of Aiken County Magistrate Patrick A. Sullivan, the plaintiff entered into a plea agreement during her jury trial wherein she pleaded *nolo contendre* to driving under suspension, second and was sentenced to sixty days and a $1270 fine. Sullivan additionally averred that

that the conviction has not been set aside, overruled, expunged, or otherwise questioned.  The federal defendants filed a motion to dismiss or in the alternative for summary judgment on May 10, 2006, in which they took the position that Title VII provides the sole remedy for employment discrimination suffered by a federal employee and that the case should be dismissed in its entirety as to supervisor Snyder.  The Secretary of Energy asserted that the Court should dismiss counts 1, 2, 3, 6, and 7 as to the Department of Energy.[2]

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bristow Marchant, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g).  In his Report, Magistrate Judge Marchant recommends that the defendants' motions to dismiss be granted in part.  Plaintiff filed objections to the Report on January 4, 2007.   The defendants have not filed objections.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed.  While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

---

the plea and sentence have not been reversed, expunged, declared invalid by a state court, or called into question by a federal court writ of habeas corpus. The record also contains the Official 10 Year Driving Record of the plaintiff which references the driving under suspension charge.

[2] The Consent Order between the parties, entered in the Southern District of Georgia, provided that the first three causes of action assert claims only against Wackenhut Services.  The Sixth Cause of Action (under Bivens) refers only to Snyder.  The Seventh Cause of Action (state law claim) refers only to Wackenhut and Snyder.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Magistrate Judge recommends that the motion to dismiss by defendant Wackenhut be granted under *Heck v. Humphrey* to the extent that the plaintiff asserts a claim based upon her allegedly illegal arrest. However, he recommends the motion be denied as to the alleged illegal seizure of her vehicle or the use of excessive force during her arrest. He recommends dismissal of defendants Bodman and Snyder as to the Title VII claims on the basis that supervisors are not proper parties under Title VII. He further recommends dismissal of defendant Snyder as to the *Bivens* claim on the basis that this claim is preempted by Title VII. In addition, he recommends that count 7 be dismissed as violative of the parties' prior stipulation.

A complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978). "Of course, whether a complaint states a cognizable claim depends ultimately on the applicable law." *Id*., 582 F.2d at 1295.

A motion to dismiss can be converted into a motion for summary judgment where matters outside the pleading are presented to and considered by the court. Fed. R. Civ. P. 12(b); *Wilson-Cook Med., Inc. v. Wilson*, 942 F.2d 247, 252 (4th Cir. 1991). However, the Court may take judicial notice of items of public record on a motion to dismiss under Rule 12(b)(6). *Papasan v. Allain*, 478 U.S. 265, n.1 (1986). Thus, it is not necessary to convert the motion to one for summary judgment.

Plaintiff first objects to the recommendation that she not be allowed to pursue a *Bivens* claim against Snyder. She asserts that her complaint alleges alternative theories of recovery in that it alleges violations of Title VII against her employer **and** also alleges deprivation of her constitutional rights by

4

defendant Snyder in causing her to be arrested without justification by defendant Wackenhut.

It is well established that supervisors are not liable in their individual capacities under Title VII. *Lissau v. Southern Food Service, Inc.*, 159 F.3d 177 (4th Cir. 1998). However, the head of an agency is properly named as the defendant in a Title VII case. 42 U.S.C. § 2000e-16(c). Federal employees were not initially covered by Title VII, but in 1972 Congress passed the Equal Employment Opportunity Act of 1972 which amended Title VII to require federal agencies to comply with Title VII. "As a result of this complementary enforcement scheme and the EEOA's legislative history, the Supreme Court concluded in *Brown v. General Services Administration*, 425 U.S. 820 (1976) that Title VII is the "exclusive, preemptive administrative and judicial scheme for the redress of federal employment discrimination." *Id.*, 425 U.S. at 829, cited in *Pueschel v. U.S.*, 369 F.3d 345, 353 (4th Cir. 2004).

Nevertheless, this Court must still ascertain whether plaintiff may bring a *Bivens* action against Snyder in the context of an allegedly unlawful arrest authorized by him as her supervisor.[3]

"A *Bivens* action is a judicially created damages remedy designed to vindicate violations of constitutional rights by federal actors. *Hall v. Clinton*, 235 F.3d 202, 204 (4th Cir. 2000). However, the courts have shown reluctance in extending *Bivens*, since the cause of action is implied by the courts without congressional legislation as opposed to § 1983 claims which were created by statute. *Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). "The Court has therefore on multiple occasions declined to extend *Bivens* because 'Congress is in a better position to decide whether or not the public interest

---

[3] Where the Title VII claim is based on a completely different set of facts from those on which another claim is based, and the claims are joined for convenience only, Title VII has been held not to preempt the other claims. *Rochon v. FBI*, 691 F. Supp. 1548 (1988). In the case at bar, the facts relating to the employee's arrest are somewhat related to some of the facts on which the employment discrimination claim are based. However, they also appear to involve some distinct facts and the Court will thus discuss the plaintiff's *Bivens* claim as a separate claim.

would be served' by the creation of 'new substantive legal liability'." *Id*., 434 F.3d at 290.

"In order for a *Bivens* remedy to be available, a court must determine that (1) Congress has not already provided an exclusive statutory remedy; (2) there are no 'special factors counseling hesitation in the absence of affirmative action by Congress'; **and** (3) there is no 'explicit congressional declaration' that money damages not be awarded." *Hall,* 235 F.3d at 204.

As to the first factor, whether Congress has provided an exclusive statutory remedy, the government has asserted that Title VII is the exclusive statutory remedy for the plaintiff's claims and that Snyder should therefore be dismissed in his individual capacity. This is true for the employment discrimination claim. However, with regard to the alleged constitutional deprivation arising from her arrest, the Department of Energy has not pointed the Court to other remedies which may be available to a federal employee of the Department. Therefore, the record is not clear as to the presence or absence of the first factor.

As to the second factor, the Court will next seek to determine whether there are any "special factors" in the instant case which counsel hesitation. In *Bush v. Lucas*, 462 U.S. 367 (1983), the Supreme Court "determined that federal employment constituted a "special factor"warranting refusing to recognize a First Amendment *Bivens* claim asserted by a federal employee." *Hall*, 235 F.3d at 205. "The relations between the United States and its employees have presented a myriad of problems with which the Congress over the years has dealt. . . Government employment gives rise to policy questions of great import, both to the employees and to the Executive and Legislative Branches." *Bush,* 462 U.S. at 379-380, citing *United States v. Gilman*, 374 U.S. 507, 509 ((1954).

In *Zimbelman v. Savage*, 228 F.3d 367 (4th Cir. 2000), the Fourth Circuit refused to imply a *Bivens* action for Air Force employees, even though they were not subject to the Civil Service Reform

6

Act on the basis of the "special factor" of federal employment. The Court also noted the presence of internal appeals and the fact Congress had removed NAFI employees from the Civil Service Reform Act. It, however, concluded that the fact the plaintiff did not believe the remedies available to her were insufficient was not relevant. The Court cited cases from the Ninth, Tenth, and Eleventh Circuits holding that, even if no remedy has been provided to a federal employee by Congress, a *Bivens* suit is not allowed. *See Blankenship v. McDonald*, 176 F.3d 1192 (9th Cir. 1999); *Lombardi v. Small Bus. Admin.*, 889 F.2d 959, 961 (10th Cir. 1989); *Lee v. Hughes*, 145 F.3d 1272 (11th Cir. 1998).

On the basis of the above authorities, the Court finds that the plaintiff may pursue her Title VII claim against defendant Bodman as Secretary of theDepartment of Energy but that she may not pursue a separate *Bivens* action against Snyder. The facts upon which the plaintiff relies "arise from a federal employment relationship." *Zimbelman*, 228 F.3d at 370.

The plaintiff next contends that her claims against defendant Wackenhut relating to her allegedly illegal arrest are not barred by the principles enunciated by *Heck v. Humphrey*, 512 U.S. 477 (1994), since she is not a prisoner. This Court disagrees. The *Heck* case specifically refers to "a 1983 plaintiff" and not just to a plaintiff who is a prisoner at the time the lawsuit is brought. *Heck*, 512 U.S. at 487. *See, e.g.*, *Schilling v. White*, 58 F.3d 1081 (6th Cir. 1995). Therefore, since the plaintiff has not shown that her conviction was reversed on appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by issuance by a federal court of a writ of habeas corpus, her claims against defendant Wackenhut are barred as to the allegedly illegal arrest. This is the case even though plaintiff pleaded *nolo contendre* instead of guilty to the charges. *See Kibler v. State*, 227 S.E.2d 199 (S.C. 1976) and authorities cited in Magistrate's Report.

Finally, the plaintiff alleges in her objections that the Magistrate Judge erroneously

7

recommended that her state law claims be struck based upon the language in the consent order transferring the case.  The Consent Order provided for transfer of the causes of action already pleaded and specifically provided that the plaintiff could move to amend to allege a *Bivens* claim.  It provides that "any amendment by Plaintiff shall not contradict the stipulations contained in this consent agreement."  This Court agrees that no mention is made of adding another cause of action other than the *Bivens* claim.  After reviewing the above factors, the Court does not believe that the plaintiff should be allowed to amend her complaint to allege a cause of action under state law due to the fact that this was not allowed in the Consent Order transferring the case.

The Court also notes that it is unclear what state law cause of action the plaintiff attempts to invoke, as her claim states, "The afore described acts of Defendant Wackenhut and Larry Snyder constitute a personal injury to the Plaintiff under South Carolina state law."  Therefore, the Complaint fails to state a cause of action.

Accordingly, the Court overrules all objections and adopts the Magistrate's Report and Recommendation as modified herein.  The  motions to dismiss filed by the defendants are **GRANTED IN PART AND DENIED IN PART**.[4]

The plaintiff's first, second, and third causes of action apply only to defendant Wackenhut and shall be dismissed except as they relate to illegal seizure of her vehicle and the use of excessive force during the arrest.[5]  The plaintiff shall be allowed to proceed against the Department of Energy as to the

---

[4] There may be additional grounds for dismissal of the claims against defendant Wackenhut that have not been raised before the Court in this Motion.  *See* footnote 4, Report and Recommendation.

[5] A plaintiff may prevail on an excessive force or illegal seizure claim without implying the invalidity of the underlying conviction.  Therefore, at this juncture, these are not barred by *Heck*.  *See Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003); *Riddick v. Lott*, 202 Fed. Appx. 615 (4th Cir. 2006) (unpublished).

fourth and fifth causes of action under Title VII.  Defendants Bodman and Snyder are dismissed insofar

as they are sued individually.  The Sixth Cause of Action, the *Bivens* claim, is dismissed.  The seventh

cause of action is also dismissed.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

March 29, 2007
Florence, South Carolina

9