UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Sandra P. Tobin, ) | Civil Action No.: 1:06-492-RBH |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **O R D E R** |
| Samuel W. Bodman, Secretary of the ) | |
| United States Department of Energy, ) | |
| and Wackenhut Services, Inc., ) | |
| ) | |
| Defendant. ) | |

Pending before the Court are [161] motion by Defendant Wackenhut Services for summary judgment and [162] motion by Defendant Department of Energy for summary judgment.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In his Reports, Magistrate Judge Rogers carefully considers the issues and recommends that the defendants' motions for summary judgment be granted. Plaintiff filed objections to the Report on February 12, 2009. Defendant Department of Energy filed a response to the objections on February 20, 2009.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept,

reject, or modify any of the magistrate judge's findings or recommendations.
*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

## **FACTS**

Plaintiff Tobin was employed by the Department of Energy at the Savannah River site in a clerical position. In her Complaint, she alleges Title VII discrimination and retaliation claims against the Department of Energy arising from the employer's direction that she not drive a government vehicle due to the alleged suspension of her driver's license and her initial supervisor's alleged attempt to prevent her from attaining a successful performance evaluation with her new supervisor. She also alleges that her supervisor retaliated against her for filing a complaint with the EEOC by depriving her of her right to be paid for the performance of her duties by subjecting her to "false arrest in the work place." (Memorandum in Opposition to Bodman's Motion for Summary Judgment, Docket #173, p. 3). The plaintiff's case against defendant Wackenhut is based on her allegations of excessive force during her arrest and alleged illegal seizure of her vehicle.

## **Legal Standard on Motion for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the

evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id.,* quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In this case, the defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Commrs*, 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986)). If the defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." *Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. *Id*. and *Doyle v. Sentry, Insurance Inc.*, 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (*see* Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. *Baber*, 977 F.2d 872, citing *Celotex Corp.*, *supra*.

## **OBJECTIONS AS TO DEFENDANT, DEPARTMENT OF ENERGY**

Plaintiff asserts in her objections that the Magistrate Judge erroneously recommended that summary judgment be granted in favor of her employer, the Department of Energy, on her discrimination and retaliation claims. She contends in a conclusory fashion[1], citing her memorandum

---

[1] Without specific objection to the Magistrate Judge's reasoning, the court will not discuss the conclusion reached by the Magistrate Judge any further. See 28 U.S.C. § 636(b)(1)(C) (If a party

3

in opposition to the motion for summary judgment, that there are factual issues regarding the element of her *prima facie* case that she was treated less favorably than individuals outside the protected class with regard to a term, condition, or privilege of employment. She also contends generally that there are factual issues regarding whether the defendant's explanation for its actions is credible. Additionally, she asserts that her claims that her manager Snyder scrutinized her whereabouts, communicated to personnel that she refused to cooperate with her performance evaluation, attempted to discourage her from filing an EEO complaint, and conspired to have her vehicle stopped and have her subjected to excessive force were timely. Finally, she contends there are factual issues regarding "her right to equal protection," on the basis that she was arrested by Wackenhut officers at the direction of officials of the Department of Energy, when Caucasian employees were not subjected to a workplace arrest or use of excessive force.

The Court agrees with the Magistrate Judge that the plaintiff has not presented sufficient evidence that she suffered any adverse employment action and therefore cannot pursue her discrimination claim. Moreover, she has also failed to present evidence that other employees outside the protected class were treated differently. In addition, she has failed to elicit evidence of pretext or discriminatory intent. The Court also agrees with the analysis by the Magistrate Judge that her retaliation claim fails on the basis that the plaintiff suffered no adverse employment action and that no causal connection exists between her charge of discrimination and her stop and arrest. Finally, as pointed out by the Department of Energy in its response to the plaintiff's objections, only the alleged

---

objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made") (emphasis added); see also Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (failure to file specific objections to particular conclusions in Magistrate Judge's Report, after warning of consequences of failure to object, waives further review).

scrutiny by Snyder was found to be untimely. The other claims which arose after September 17, 2004 were found to be timely.

## **OBJECTIONS AS TO DEFENDANT, WACKENHUT**

In her first objection, Plaintiff contends generally that the Magistrate Judge ignores her evidence.[2] She also contends that defendant Wackenhut is a "person" under 42 U.S.C. § 1983 and that the acts of Mr. Underwood were the acts of a final decision maker so as to make the defendant liable. The plaintiff has misconstrued the Report and Recommendation. The Magistrate Judge recommended a finding that "Wackenhut officials were acting under color of state law during the traffic stops of Plaintiff's vehicle and her subsequent arrest." (Report, p. 10, Docket Entry # 190). He further found that factual issues exist "as to whether Underwood possessed the requisite authority to establish policy for Wackenhut." (Report, p. 13, Docket Entry # 190). However, he recommended a finding that the plaintiff lacked standing to assert a violation with respect to the June 23, 2004 stop and that she has not shown a constitutional violation with regard to the stop. Additionally, he finds that the October 21, 2004 stop is based on a claim barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Finally, the plaintiff contends that the Magistrate Judge improperly rejected evidence of Wackenhut's policies and procedures and its actions in conspiracy with the Department of Energy to deny her equal protection of the law. She first contends that she was arrested at work and subjected to excessive force when Caucasian counterparts and individuals with no record of a prior discrimination complaint were not subjected to arrest at the workplace and excessive force. However, the Court agrees with the Magistrate Judge that the plaintiff has not presented evidence to support her conspiracy allegations or her allegations regarding Wackenhut policies and procedures. She additionally fails to

---

[2] *See* Footnote 1 herein.

show any evidence of specific class-based animus or a meeting of the minds with the Department of Energy regarding the decision to arrest her at her office. Additionally, with regard to the claims of excessive force, the plaintiff has not named any of the individual officers; nor has she pointed to any policy or custom that required the use of force.

## Conclusion

For the foregoing reasons, the undersigned overrules all objections, adopts the Report and Recommendation and **GRANTS** the defendants' motions for summary judgment. Plaintiff must show more than a scintilla of evidence in order to withstand summary judgment. *Celotex*, 477 U.S. at 322-323.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge

March 23, 2009
Florence, South Carolina